1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MICHELLE M. ELAM,                )      NO. CV 13-4314-E
                                      )
12                  Plaintiff,        )
                                      )
13        v.                          )      **MEMORANDUM OPINION**
                                      )
14   CAROLYN W. COLVIN, ACTING        )
     COMMISSIONER OF SOCIAL SECURITY, )
15                                    )
                    Defendant.        )
16   _____)

17

18                         **PROCEEDINGS**

19

20        Plaintiff filed a Complaint on June 20, 2013, seeking review of

21   the Commissioner's denial of benefits.  The parties filed a consent to

22   proceed before a United States Magistrate Judge on August 6, 2013.

23

24        Plaintiff filed a motion for summary judgment on December 10,

25   2013.  Defendant filed a motion for summary judgment on January 9,

26   2014.  The Court has taken both motions under submission without oral

27   argument.  See L.R. 7-15; "Order," filed June 24, 2013.

28   ///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based on a variety of alleged impairments (Administrative Record ("A.R.") 9-327).  The Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (see id.).

The ALJ found Plaintiff has certain severe impairments, but retains the residual functional capacity to perform a limited range of sedentary work (A.R. 15-19).  Applying the Medical-Vocational Guidelines, the ALJ found Plaintiff disabled beginning May 8, 2012, Plaintiff's 50th birthday (A.R. 19-20).  However, the ALJ also found that, prior to May 8, 2012, Plaintiff could perform the sedentary job of "order clerk" (A.R. 19-21).  The ALJ deemed not fully credible Plaintiff's contrary testimony (A.R. 18-19).  The ALJ also rejected the conclusory opinions of Plaintiff's treating physician, who had opined, inter alia, that Plaintiff lacked the sitting capacity required for sedentary work (A.R. 16-18, 308-09).  The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

1   relevant evidence as a reasonable mind might accept as adequate to

2   support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

3   (1971) (citation and quotations omitted); Widmark v. Barnhart, 454

4   F.3d 1063, 1067 (9th Cir. 2006).

5

6                              **DISCUSSION**

7

8        After consideration of the record as a whole, Defendant's motion

9   is granted and Plaintiff's motion is denied.  The Administration's

10  findings are supported by substantial evidence and are free from

11  material[1] legal error.  Plaintiff's contrary arguments are

12  unavailing.[2]

13

14  **I.   The ALJ Did Not Materially Err in Evaluating Plaintiff's**

15       **Credibility.**

16

17       Although Plaintiff testified to subjective symptoms of allegedly

18  disabling severity, the ALJ found this testimony less than fully

19  credible (A.R. 18-19, 30-35).  Contrary to Plaintiff's arguments, the

20  ALJ did not thereby materially err.

21  ///

22  ///

23

24       [1]   The harmless error rule applies to the review of

25  administrative decisions regarding disability.  See McLeod v.
    Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart,

26  400 F.3d 676, 679 (9th Cir. 2005).

27       [2]   The Court has considered all of Plaintiff's arguments
    and has found those arguments unpersuasive.  The Court discusses

28  Plaintiff's principal arguments herein.

1    An ALJ's assessment of a claimant's credibility is entitled to

2    "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir.

3    1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The

4    discounting of a claimant's testimony regarding subjective symptoms

5    must be supported by specific, cogent findings.  See Lester v. Chater,

6    81 F.3d 821, 834 (9th Cir. 1995); see also Berry v. Astrue, 622 F.3d

7    1228, 1234 (9th Cir. 2010) (reaffirming same); but see Smolen v.

8    Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ

9    must offer "specific, clear and convincing" reasons to reject a

10   claimant's testimony where there is no evidence of malingering).[3]  As

11   discussed below, the ALJ stated sufficient reasons for deeming

12   Plaintiff's testimony less than fully credible.

13

14   As the ALJ properly observed, Plaintiff failed to seek any

15   regular, ongoing treatment for Plaintiff's allegedly disabling hand

16   problems (A.R. 19).  Plaintiff testified she has pain in her hands

17   and, when she picks up objects, the objects fall out of her hands "a

18   lot of times" (A.R. 30-31).  Although the medical record is replete

19   with "Adult Progress Notes" reporting various complaints Plaintiff

20   made to her treating physician regarding other alleged problems, these

21   notes fail to reflect any complaints or ongoing treatment regarding

22   _____

23      [3]    In the absence of an ALJ's reliance on evidence of
     "malingering," most recent Ninth Circuit cases have applied the
24   "clear and convincing" standard.  See, e.g., Chaudhry v. Astrue,
     688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue,
25   674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659
     F.3d 1228, 1234 (9th Cir. 2011); see also Ballard v. Apfel, 2000
26   WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting
     earlier cases).  In the present case, the ALJ's findings are
27   sufficient under either standard, so the distinction between the
     two standards (if any) is academic.

28

1    any alleged hand pain or any alleged inability to grasp and hold

2    objects in Plaintiff's hands (A.R. 225-29, 231-32, 234-35, 270-71,

3    279, 282-88, 290, 295-300, 302-304, 310-11, 317-27).   In evaluating a

4    claimant's credibility, an ALJ properly may consider "unexplained or

5    inadequately explained failure to seek treatment. . . ."   Molina v.

6    Astrue, 674 F.3d at 1112 (citations and quotations omitted); accord

7    Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen,

8    885 F.2d 597, 603-04 (9th Cir. 1989); see Fagundes v. Commissioner,

9    2001 WL 34043749 at *4 (D. Or. Sept. 10, 2001) ("[c]lear and

10   convincing reasons for discrediting a claimant's testimony include

11   . . . failure to seek treatment . . ."); see also McCawley v. Astrue,

12   423 Fed. App'x 687, 689-90 (9th Cir. 2011) (upholding ALJ's

13   discounting of a claimant's credibility on the basis that the claimant

14   visited a treating physician a number of times without making

15   complaints concerning her alleged symptoms).

16

17       As the ALJ also properly observed, Plaintiff's "subjective

18   complaints and alleged limitations are not consistent with her

19   activities of daily living" (A.R. 19).   Plaintiff testified that when

20   she sits she suffers pain and must lean to one side because her back

21   problem allegedly prevents her from being able to sit straight (A.R.

22   34-35).   Plaintiff also testified that pain allegedly prevents her

23   from standing or walking more than ten minutes (A.R. 34).   Yet, the

24   record reflects that Plaintiff engages in activities a trier of fact

25   reasonably could infer to be inconsistent with the functional

26   limitations she claims.   Plaintiff drives a car, takes care of a

27   child, cooks meals, does housework, reads, shops, plays cards, and

28   sits through movies (A.R. 197, 199-201).   Such inconsistences between

a claimant's activities and the claimant's testimony can support the rejection of the claimant's credibility.  See, e.g., Molina v. Astrue, 674 F.3d at 1112; Burch v. Barnhart, 400 F.3d at 680-81; Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999).

Plaintiff appears to argue that a claimant's daily activities are "not typically grounds to discredit" a claimant's credibility (Plaintiff's Motion at 11).  In support of this argument, Plaintiff cites only Lewis v. Apfel, 236 F.3d 503, 516 (9th Cir. 2001).  The cited portion of the Lewis v. Apfel opinion concerns whether daily activities can constitute "substantial gainful activity" so as to qualify as "past relevant work."  The opinion does not address the issue of whether daily activities are relevant to the assessment of a claimant's credibility.[4]  The Ninth Circuit repeatedly has reaffirmed that daily activities are relevant to the assessment of a claimant's credibility.  See Burch v. Barnhart, 400 F.3d at 680-81; Thomas v. Barnhart, 278 F.3d at 958-59; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (extensive daily household activities found to constitute "clear and convincing reasons" for discounting the claimant's credibility); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) ("[a]n ALJ is clearly allowed to consider the ability to perform household chores").

///

---

[4]     Notably, however, the Lewis v. Apfel opinion does uphold the ALJ's rejection of lay witnesses' credibility based in part on the claimant's daily activities.  See Lewis v. Apfel, 236 F.3d at 512.

## II.   The ALJ Did Not Err in Rejecting the Opinions of Plaintiff's Treating Physician.

An ALJ must provide "specific, legitimate reasons" based on substantial evidence in the record for rejecting a treating physician's contradicted opinion.  See Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2009); Orn v. Astrue, 495 F.3d 625, 631-33 (2007).  Contrary to Plaintiff's arguments, the ALJ stated sufficient specific, legitimate reasons for rejecting the contradicted opinions of Plaintiff's treating physician, Dr. Stakley.

The ALJ correctly observed that Dr. Stakley's conclusory assessment that Plaintiff could not tolerate even sedentary work was unsupported "by the treatment records and objective findings" (A.R. 18).  In particular, nothing in the records or findings supported the sitting restriction assessed by Dr. Stakley.  To the contrary, Dr. Bleecker, a consultative examiner, found Plaintiff manifested an ability to sit comfortably (A.R. 243; see also A.R. 245).  "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings."  Batson v. Commissioner, 359 F.3d at 1195; see Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where the physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); accord Burkhart v. Bowen, 856 F.2d 1335, 1339-40 (9th Cir. 1988); Young v. Heckler, 803 F.2d 963, 967-68 (9th Cir. 1986).

///

1    Plaintiff argues that "Dr. Stakley's treatment record . . .

2  clearly documented [Plaintiff's] complaints" (Plaintiff's Motion at

3  7).  Dr. Stakley's records did document some of Plaintiff's subjective

4  complaints, but the ALJ was not obligated to accept a functional

5  assessment predicated on those subjective complaints.  See Tonapetyan

6  v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ is free to

7  disregard a treating physician's opinion that is predicated on the

8  properly discounted subjective complaints of the claimant); accord

9  Mattox v. Commissioner, 371 Fed. App'x 740, 742 (9th Cir. 2010); Fair

10  v. Bowen, 885 F.2d at 605.

11

12    Plaintiff also argues the ALJ erred in preferring Dr. Bleecker's

13  functional assessments to those of Dr. Stakley, citing Pitzer v.

14  Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990) and Gallant v.

15  Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (Plaintiff's Motion at 7-

16  8).  These citations are inapt.  Both Pitzer and Gallant concern an

17  ALJ's error of preferring the unsupported opinion of a non-examining

18  physician over the opinion of the treating physician.  Dr. Bleecker is

19  an examining physician whose opinions are fully supported in the

20  medical record.

21

22    The record contains some conflicting medical evidence, but it was

23  the prerogative of the ALJ to resolve such conflicts.  See Lewis v.

24  Apfel, 236 F.3d at 509.  Where, as here, the evidence "is susceptible

25  to more than one rational interpretation," the Court must uphold the

26  administrative decision.  See Andrews v. Shalala, 53 F.3d 1035, 1039-

27  40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d at 954;

28  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 17, 2014.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5]    The Court has considered and rejected each of Plaintiff's arguments.  Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration.  See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).